**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BRYAN ANGLE, II,<br><br>Plaintiff,<br><br>v.<br><br>CAPT. CARTER, LT. DAVIS, LT. STEED, C.O. JOHN DOE, U.M. PERRY, and COUNSELOR SNYDER,<br><br>Defendants. | ) | Civil Action No. 1:16-cv-00276<br><br>District Judge Nora Barry Fischer<br>Magistrate Judge Susan Paradise Baxter |

**MEMORANDUM ORDER**

Presently before the Court are the transcribed Report and Recommendation (Docket Nos. 14 and 15) of Magistrate Judge Susan Paradise Baxter from the March 17, 2017, hearing on Plaintiff's Motion for Preliminary Injunction and/or Temporary Restraining Order (Docket No. 11), Plaintiff's Objections (Docket No. 16) thereto, and Defendants' Response (Docket No. 18). Magistrate Judge Baxter recommends denying Plaintiff's Motion due to his conflicting claims regarding sexual assault, his inability to abide by the rules of the prison's Special Needs Unit ("SNU"), his disciplinary record, and his failure to demonstrate the likelihood of irreparable harm. (Docket No. 15 at 8 – 9).

The Court notes that:

> [A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972, 117 S.Ct. 1865, 138 L.Ed.2d 162 (1997) (emphasis deleted). Furthermore, the Court must recognize that an "[i]njunction is an equitable remedy which should not be lightly indulged in, but used sparingly and only in a clear and plain case." *Plain Dealer Publishing Co. v. Cleveland Typographical Union # 53,* 520 F.2d 1220, 1230 (6th Cir.1975), cert. denied, 428 U.S. 909, 96 S.Ct. 3221, 49 L.Ed.2d 1217 (1977). As a corollary to the principle that preliminary injunctions should issue only in a clear and plain

> case, the Court of Appeals for the Third Circuit has observed that "upon an application for a preliminary injunction to doubt is to deny." *Madison Square Garden Corp. v. Braddock*, 90 F.2d 924, 927 (3d Cir.1937).

*Hall v. Smith*, 2015 WL 75042, at *2 (W.D. Pa. Jan. 6, 2015) (quoting *Emile v. SCI-Pittsburgh*, 2006 WL 2773261, at *6 (W.D. Pa. Sept. 24, 2006)).

Plaintiff cites to the Prison Rape Elimination Act, 42 U.S.C. §§ 15601, *et seq.* ("PREA"), generally, and Pennsylvania Department of Corrections policy, specifically, to support his request to be removed from the general population and be placed in the SNU. (Docket No. 16). According to DC-ADM 802 § 1(A)(3)(d), "Alternative Placements can include, but are not limited to, any one, or combination of, the following temporary options:

> a. Moving to a different housing unit;
> b. Placement in a cell closer to the Corrections Officer's desk within the unit;
> c. Placement in a single cell (Z Code); and
> d. Placement in the Special Needs Unit (SNU)."

(Docket No. 18 at 2). Plaintiff argues that due to his youthful appearance, he is at risk for, and has been the victim of, sexual assault. (Docket No. 16). The sexual assault purportedly took place after Plaintiff was initially removed from the SNU. (Docket No. 15 at 2). Plaintiff filed a grievance through the PREA, but to no avail. (*Id.* at 3, 7).

However, when questioned by Magistrate Judge Baxter, Plaintiff provided conflicting testimony regarding the time of his sexual assault, and could not identify the perpetrator. (Docket No. 3 – 4, 7). Additionally, Defendants indicated that when an investigation into the matter was attempted, Plaintiff was uncooperative and denied that an assault had occurred. (*Id.* at 4, 6). Plaintiff contested this account. (*Id.* at 7).

Ryan Swanson, the SNU counselor, testified that while in SNU, Plaintiff exhibited behavioral issues, threatened other inmates in SNU, attempted to extort other inmates in SNU, and was not compliant with medications prescribed while in SNU. (Docket No. 15 at 5).

Plaintiff also did not actively participate in mental health groups offered by the SNU. (*Id.*). Medication compliance and attendance at mental health sessions are both important criteria when an inmate is considered for housing in the SNU, and were both significant factors in Plaintiff's ejection. (*Id.*).

It is well established that in order for a court to grant an injunction or temporary restraining order, "the moving party must show that he is likely to succeed on the merits of his petition and that he will suffer irreparable harm if relief is not granted. *Douvos v. Quintana*, 382 F.App'x 119, 122 (3d Cir. 2009) (citing *Hoxworth v. Blinder, Robinson & Co.*, 903 F.2d 186, 197 – 98 (3d Cir. 1990)). In the instant matter, Plaintiff did not contest that he was removed from the SNU due to violations of criteria required for continued housing there[1]; neither did Plaintiff make any demonstration that he was likely to suffer irreparable harm if he was not sent back. As noted by Magistrate Judge Baxter, between the time of his alleged sexual assault in July or September 2016, and the filing of his Motion in February 2017, Plaintiff made no mention of same. (Docket No. 15 at 9). "Risk of irreparable harm means [a] clear showing of immediate irreparable injury or presently existing actual threat." *Douvos*, 382 F.App'x at 122 (citing *Continental Group, Inc. v. Amoco Chemicals Corp.*, 614 F.2d 351, 359 (3d Cir. 1980)). This is an exacting standard, and it must be shown that an injunction is the only means of protecting Plaintiff from harm. *Hall*, 2015 WL 7502, at *2 (citing *Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 91 (3d Cir. 1992)). Plaintiff has not met this burden.

AND NOW, this 13th day of April, 2017, based upon the foregoing,

---

1 The Third Circuit Court of Appeals in *Douvos* found that, in a case involving expulsion of an inmate from a prison drug rehabilitation program, removal for violation of the program's rules was not improper. 382 F.App'x at 122.

IT IS HEREBY ORDERED that Plaintiff's Motion for Preliminary Injunction and/or Temporary Restraining Order [11] is DENIED, and the transcribed Report and Recommendation [14][15] of Magistrate Judge Susan Paradise Baxter is adopted as the opinion of this Court.

*/s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf: All counsel of record.

       Bryan Angle, II
       HY-2333
       SCI Forest
       P.O. Box 945
       Marienville, PA 16239
       (via regular mail)