IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRYAN ANGLE, II, | ) | |
|     Plaintiff | ) | C.A. No. 16-276 Erie |
| | ) | |
| v | ) | District Judge Fischer |
| | ) | Magistrate Judge Baxter |
| CAPTAIN CARTER, et al., | ) | |
|     Defendants | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that Defendants' motion to dismiss [ECF No. 29] be granted in part and denied in part.

### II. REPORT

#### A. Relevant Procedural History

Plaintiff Bryan Angle, an inmate incarcerated at the State Correctional Institution at Forest in Marienville, Pennsylvania ("SCI-Forest"), initiated this civil rights action on November 16, 2016, by filing a *pro se* complaint, pursuant to 42 U.S.C. § 1983, against the following named Defendants, all of whom were staff members at SCI-Forest at the time Plaintiff's complaint was filed: Capt. Carter ("Carter"), Lt. Davis ("Davis"), Lt. Steed ("Steed"), Unit Manager Perry ("Perry"), C.O. John Doe ("Doe"), and Counselor Snyder ("Snyder"). Defendants Doe and Snyder have since been dismissed from this case for Plaintiff's failure to prosecute. [ECF No. 25].

In his *pro se* complaint, Plaintiff claims that on September 6, 2016, he was sexually assaulted in his cell by another prisoner after he was moved from his cell on F block to a

1

different cell on the B block, at the direction of Defendant Steed. (ECF No. 4, Complaint, at ¶¶ 8, 11). Plaintiff alleges that he was classified as "high risk" for rape victimization, which required him to be housed in a cell "in the direct line of sight," yet B block was" on the opposite side of the unit." (Id. at ¶¶ 9-10). Plaintiff alleges that he told Defendant Steed he would go to the B block but that he "just doesn't feel safe." (Id. at ¶ 15). Then, on September 7, 2016, Plaintiff alleges that he attempted to call the Prison Rape Elimination Act ("PREA") hotline, but was prohibited from doing so by former Defendant Doe. (Id. at ¶ 17). When Plaintiff refused to get off the phone stating, "I'm calling the PREA hotline," he was ordered to be cuffed, and was subsequently given a misconduct by Defendant Davis on October 3, 2016. (Id. at ¶¶ 18-19).

As a result of the foregoing allegations, Plaintiff claims that Defendants violated his constitutional rights "by being deliberately indifferent and failing to protect Plaintiff" (Id. at ¶ 20). In addition, Plaintiff claims that Defendant Davis issued a misconduct against him on October 3, 2016, in retaliation for "filing said complaint," apparently referring to Plaintiff's attempt to call the PREA hotline (Id. at ¶ 19). As relief for his claims, Plaintiff seeks monetary damages.

On July 24, 2017, Defendants filed a motion to dismiss [ECF No. 29], arguing that Plaintiff has failed to state a cause of action upon which relief may be granted. Despite having been granted ample time to do so, Plaintiff has failed to file a response to Defendants' motion. This matter is now ripe for consideration.

**B.    Standards of Review**

    **1.    Motion to Dismiss**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the

complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). See also Ashcroft v. Iqbal, 556 U.S. 662, 678 (May 18, 2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). A Plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C.Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal

evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

The Third Circuit subsequently expounded on the Twombly/Iqbal line of cases: To determine the sufficiency of a complaint under Twombly and Iqbal, we must take the following three steps:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

### 2. *Pro Se* **Pleadings**

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969) ("petition prepared by a prisoner... may be inartfully drawn and should be read 'with a measure of tolerance'"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997) (overruled on other grounds). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d

4

Cir. 1990) (same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### C. Discussion

#### 1. Defendants Carter and Perry

Defendants argue that Plaintiff has failed to establish the personal involvement of Defendants Carter and Perry in any of the alleged constitutional violations and, thus, Plaintiff's claims against them should be dismissed.

When a supervisory official is sued in a civil rights action, liability can only be imposed if that official played an "affirmative part" in the complained-of misconduct. Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986). Although a supervisor cannot encourage constitutional violations, a supervisor has "no affirmative constitutional duty to train, supervise or discipline so as to prevent such conduct." Id. quoting Brown v. Grabowski, 922 F.2d 1097, 1120 (3d Cir. 1990), cert. denied, 501 U.S. 1218 (1991). The supervisor must be personally involved in the alleged misconduct. Rode v. Dellarciprete, 845 F.2d 1958, 1207 (3d Cir. 1988). If a grievance official's only involvement is investigating and/or ruling on an inmate's grievance after the incident giving rise to the grievance has already occurred, there is no personal involvement on the part of that official. Rode, 845 F.2d at 1208; Cooper v. Beard, 2006 WL 3208783 at * 14 (E.D.Pa. Nov. 2, 2006).

Here, Plaintiff identifies Defendant Carter as the "captain of security for SCI Forest… responsible for the orderly running of the prison…." (ECF No. 4, Complaint, at ¶ 3); yet, no factual allegations of any kind are asserted against Defendant Carter that would implicate his personal involvement in any of the constitutional misconduct alleged in the complaint. Apparently, Plaintiff has named Defendant Carter as a defendant in this case based solely on his

5

supervisory role as security captain; however, it is well-settled that section 1983 liability cannot be predicated solely on the basis of *respondeat superior*. Rizzo v. Goode, 423 U.S. 362 (1972). As for Defendant Perry, Plaintiff has merely included his name in the caption of the complaint, but fails to state any allegations against him, whatsoever. In fact, Defendant Perry is not even identified as a party in the body of the complaint. As a result, Plaintiff's claims against these Defendants should be dismissed.

### 2. Failure to Protect Claim v. Defendant Steed

Although Plaintiff's failure to protect claim is generally asserted against "Defendants," Defendant Steed is the only Defendant identified in the complaint as having had any personal involvement in the challenged decision to move Plaintiff to B block, where Plaintiff was allegedly assaulted. Thus, the claim is deemed to be asserted against Defendant Steed alone.

The Eighth Amendment provides that "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." Williams v. Bledsoe, 2013 WL 5522848, at *18 (M.D. Pa. Oct. 3, 2013). See also Farmer v. Brennan 511 U.S. 825 (1994) (prison officials "must take reasonable measures to guarantee the safety of the inmates."). "Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." Farmer, 511 U.S. at 834. "Still not 'every injury suffered by one prisoner at the hands of another … translates into constitutional liability for prison officials responsible for the victim's safety.'" Bristian v. Levi, 696 F.3d 352, 367 (3d Cir. 2012), quoting Farmer, 511 U.S. at 834.

To establish a failure to protect claim under the Eighth Amendment, a plaintiff must show that:

1. he was incarcerated under conditions posing a substantial risk of harm;

> 2. the official was deliberately indifferent to that substantial risk to his health and safety; and,
>
> 3. the official's deliberate indifference caused him harm.

Id.

Defendants argue that Plaintiff merely alleges that he told Defendant Steed that "he just doesn't feel safe" without specifying why he feared for his safety or who made him feel unsafe. (ECF No. 30, Defendants' Brief, at p. 5). As a result, Defendants assert that "[t]here are simply no facts in this Complaint to support the notion that Defendant Steed knew that any harm would befall Plaintiff." (Id.). The Court disagrees. Plaintiff alleges that, due to his youthful appearance, he was classified as high risk for rape victimization, and was required to be housed in a cell "in the direct line of sight." (ECF No. 4, Complaint, at ¶¶ 9-10, 20). Plaintiff alleges further that his new cell on B block was located "on the opposite side of the unit," implying that it was not in the direct line of sight, and that, based on this fact, he informed Defendant Steed that "he was not safe on this block." (Id. at ¶¶ 10, 13). Nonetheless, after Defendant Steed threatened to have him cuffed and put in the RHU for refusing to be placed in B block, Plaintiff relented, but reiterated that "he just doesn't feel safe." (Id. at ¶¶ 14-15). Approximately four days after he was placed in his new cell, Plaintiff alleges that he was sexually assaulted by another inmate.

The foregoing allegations, taken as true for purposes of Defendants' motion, are sufficient to establish that Plaintiff was incarcerated under conditions that posed a substantial risk of harm, that Defendant Steed was deliberately indifferent to this risk, and that Plaintiff was harmed as a result. Thus, Defendants' motion to dismiss this claim should be denied.

### 3. Retaliation Claim v. Defendant Davis

Plaintiff claims that Defendant Davis gave him a misconduct on October 3, 2016, in retaliation "for filing said complaint." (Id. at ¶ 19). Construing "said complaint" as a reference to the present lawsuit, Defendants argue that Plaintiff is unable to establish that the misconduct issued by Defendant Davis was, in any way, motivated by Plaintiff's filing of the instant complaint over a month later; however, Defendants' understanding of Plaintiff's reference to "said complaint" is illogical and appears to be taken out of context. Just prior to Plaintiff's allegation of retaliation, Plaintiff alleges that he attempted to call the PREA to report the alleged sexual assault of September 6, 2016, but was prohibited from doing so by a corrections officer, at which time Plaintiff refused to get off the phone stating "I'm calling the PREA hot line." (Id. at ¶¶ 17-18).

Although far from clear, it would appear that the reference to "said complaint" in the immediately succeeding paragraph of the complaint is meant to indicate that Defendant Davis issued a misconduct on October 3, 2016, in retaliation for either Plaintiff's attempted complaint to the PREA, or his complaint that he was unable to call the PREA. Regardless, given the ambiguity of Plaintiff's reference to "said complaint" in his retaliation claim against Defendant Davis, the Court finds it imprudent to dismiss the claim based solely upon Defendants' understanding of the reference, which, although possible, appears unlikely. Further clarification of Plaintiff's reference is likely to occur during the discovery process, but at this early stage, Defendants' motion to dismiss this claim should be denied.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendants' motion to dismiss [ECF No. 29] be granted as the Plaintiff's claims against Defendants Carter and Perry,

but denied in all other respects. The Clerk should be directed to terminate Defendants Carter and Perry from this case.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file objections will waive the right to appeal. Brightwell v. Lehman, 637 F. 3d 187, 193 n. 7 (3d Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Date: December 15, 2017

cc: The Honorable Nora Barry Fischer
United States District Judge